UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY RENEE TREZONA,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:21-cv-00792-EPG<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 20).<br><br>ORDER DIRECTING CLERK TO MAIL A COPY OF THIS ORDER TO PLAINTIFF |

Plaintiff's counsel, Shellie Lott, moves for an award of attorney's fees under 42 U.S.C. § 406(b). (ECF No. 21). Plaintiff and the Commissioner of Social Security were each served with a copy of the motion. (ECF No. 23; ECF No. 21, p. 3). Plaintiff has not filed any objections or statement concerning the motion. The Commissioner filed a statement of non-opposition, stating that "[t]he Commissioner has given substantive consideration to the merits of Plaintiff's request and found no basis to object." (ECF No. 25).

For the reasons set forth below, the motion for attorney's fees is GRANTED in the amount of $7,000.00, subject to an offset of $2,309.92 in fees already awarded pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), on August 15, 2022 (ECF No. 18).

//

//

## I.   BACKGROUND

On May 17, 2021, Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying Plaintiff's claim for social security benefits for lack of disability under the Social Security Act. (ECF No. 1). On May 26, 2022, the Court granted judgment in favor of Plaintiff and remanded for an immediate award of benefits. (ECF No. 15).

On August 10, 2022, pursuant to the parties' stipulation, the Court entered an order awarding Plaintiff $2,309.92 in attorney fees pursuant to the Equal Access to Justice Act. (ECF Nos. 18, 19).

The Commissioner informed Plaintiff that $14,513.25 was being withheld to use to compensate counsel. (ECF No. 20-3, p. 3). This amount represents 25% of Plaintiff's total past-due benefits, indicating that Plaintiff's past-due benefits are $58,053.[1]

On June 3, 2023, counsel filed this motion for attorney's fees in the reduced amount of $7000.00, with an offset of $2,309.92 for EAJA fees already awarded. (ECF No. 20). The Commissioner filed a statement of non-opposition on July 20, 2023. (ECF No. 25).

## II.   DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the § 406(b) attorney fees

---

[1] As ordered (ECF No. 26) by the Court, Plaintiff and the Commissioner filed a joint statement setting forth the total amount of past-due benefits, "confirm[ing] that the total of past-due benefits in this case are $58,053.00 and the amount withheld is $14,513.25." (ECF No. 27, p. 3).

award is not paid by the government, the Commissioner has standing to challenge the award. *Craig v. Sec'y Dep't of Health & Human Servs*., 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under § 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (noting that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that § 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, Plaintiff signed a fee agreement, which provided that "[if] Attorney prevails before the Federal Court, and if Claimant is subsequently awarded benefits by the Social Security Administration ("SSA"), Claimant agrees to pay Attorney a fee for Federal Court work equal to 25% of the past-due benefits." (ECF No. 20-4, p. 1).

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which includes an award of benefits. Plaintiff's counsel represents that a total of 9.6 hours were spent representing Plaintiff in this matter. (ECF No. 20-5, pp. 2-3). This time resulted in the Court reversing the Commissioner's decision and remanding for an immediate award of benefits. There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. There also is no evidence that counsel engaged in any dilatory conduct resulting in delay.

Counsel's requested award of $7000.00 for 9.6 hours of legal services, results in an approximate hourly rate of $729.16. The Ninth Circuit has found similar and higher effective hourly rates reasonable in social security contingency fee arrangements. *See, e.g., Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part).

Further, the requested attorney's fees award of $7000.00 is approximately 12.05% of the past-due benefits (and thus does not exceed 25% of past-due benefits) and it is not excessive in relation to the past-due benefits awarded. *See generally Ortega v. Comm'r of Soc. Sec.*, No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting § 406(b) attorney fees in the amount of $24,350); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) (granting § 406(b) attorney fees in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting § 406(b) attorney fees in the amount of $20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-0490 LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011), *report and recommendation adopted sub nom. Jamieson v. Comm'r of Soc. Sec.*, 2011 WL 841363 (E.D. Cal. Mar. 4, 2011) (recommending an award of § 406(b) attorney fees in the amount of $34,500).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to

represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action fails. *Id.* Here, Plaintiff's counsel accepted the risk of loss in representing Plaintiff throughout this matter, Plaintiff agreed to the contingent fee, and counsel successfully secured a remand and an award of substantial benefits to Plaintiff.

An award of attorney fees pursuant to § 406(b) in the amount of $7000.00 is thus appropriate. An award of § 406(b) fees, however, must be offset by any prior award of attorney fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Counsel was previously awarded $2,302.92 in fees pursuant to the EAJA; as such, the § 406(b) award will be offset by $2,302.92.

## I.     CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the attorney's fees sought by Plaintiff's counsel pursuant to § 406(b) are reasonable.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $7000 (ECF No. 20) is GRANTED;

2. Plaintiff's counsel is ordered to reimburse Plaintiff $2,302.92 of the § 406(b) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d); and

3. The Clerk of the Court is respectfully directed to serve a copy of this order on Stacy Renee Trezona, 1029 Mockingbird Hill, Valley Springs, CA 95252.

IT IS SO ORDERED.

Dated:  **September 4, 2023**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

5